**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 11 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ALBERTO GONZALEZ,

Defendant-Appellant.

No. 98-5070
(D.C. No. 97-CR-150-C)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, the panel has determined

oral argument would not materially assist the determination of this appeal. See

Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Therefore, the case is ordered

submitted without oral argument.

Defendant Alberto Gonzalez entered a conditional plea of guilty to

possession of methamphetamine with intent to distribute, in violation of 21 U.S.C.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

§ 841(a)(1), reserving the right to appeal the district court's denial of his motion to suppress evidence. On appeal, defendant contends the court erred in denying both his motion to suppress and his motion to supplement the record. We affirm.

I.

An officer of a multi-agency task force advised the Tulsa Police Department that two Hispanic males, suspected of carrying drugs, were to arrive in Tulsa on a Delta Airlines flight from California. In response, several officers were stationed at the airport when the flight arrived to observe the passengers as they deplaned and left the airport. Gonzalez, who was carrying a bag, was one of two Hispanic males who got off the airplane. The two men walked through the airport separately without conversing, but then shared a taxi from the airport terminal. The officers followed in an unmarked car. The cab meandered and changed directions frequently before coming to a stop along a public street. After the cab's hazard lights began flashing and the female cab driver appeared to lie down in the front seat of the cab, the two men got out of the cab. The officers approached the cab, identified themselves, and asked the men to keep their hands in the officers' view. In response, defendant allegedly tried to reach into his bag, at which time at least two officers drew their weapons and ordered him to place his hands in the air. One of the officers patted down defendant and felt hard objects around his waist. A package fell to the ground when the officer lifted

-2-

defendant's shirt and slightly pulled on his waistband. Suspecting the package contained narcotics, the officer arrested defendant. Defendant was taken to a nearby police station where officers found two additional packages of narcotics taped to defendant and confirmed that the package that fell to the ground did contain narcotics.

## II.

## Motion to Suppress

Defendant moved to suppress the narcotics seized from his person, asserting the officers did not have reasonable suspicion to detain him as he got out of the cab.

When reviewing a district court's denial of a motion to suppress, we consider the totality of the circumstances and view the evidence in a light most favorable to the government. United States v. Hunnicutt, 135 F.3d 1345, 1348 (10th Cir. 1998). We accept the court's factual findings unless they are clearly erroneous. Id. The credibility of witnesses, the weight to be given evidence, and the reasonable inferences drawn from the evidence fall within the province of the district court. Id. Bearing in mind that the burden is on the defendant to prove the challenged seizure was illegal under the Fourth Amendment, United States v. Ludwig, 10 F.3d 1523, 1526 (10th Cir. 1993), the ultimate determination of reasonableness under the Fourth Amendment is a question of law we review de

novo.  Hunnicutt , 135 F.3d at 1348.

It is well settled that "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest." Terry v. Ohio , 392 U.S. 1, 22 (1968).  Thus, "police can stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity 'may be afoot,' even if the officer lacks probable cause."    United States v. Sokolow   , 490 U.S. 1, 7 (1989). Additionally, in such cases, a frisk is justified as a means of assuring the officer's safety.  Adams v. Williams  , 407 U.S. 143, 146 (1972).

To justify an investigative detention, "the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant [the particular] intrusion."        Terry , 392 U.S. at 21.  In determining whether an investigative detention was reasonable, we examine first whether the stop was justified at its inception, and second whether the scope of the stop was reasonably related to the circumstances which justified it originally.    Hunnicutt , 135 F.3d at 1348.  "Whether . . . an investigative detention is supported by an objectively reasonable suspicion of illegal activity does not depend on any one factor, but on the totality of the circumstances."   United States v. Soto   , 988 F.2d 1548, 1555 (10th Cir. 1993).

We conclude that under the totality of the circumstances the officers had reasonable suspicion to briefly detain and question defendant. The Tulsa officers were advised by a fellow law enforcement agency that two Hispanic males arriving in Tulsa on a flight from California were suspected drug couriers. The basis for this suspicion was not conveyed to the Tulsa officers. Defendant was one of two Hispanic males who arrived in Tulsa on the flight. Although the information received in this instance is too general to support reasonable suspicion by itself, it is a factor to be considered in the reasonable suspicion calculus, and one that weighs in favor of the government's position. See United States v. Soto-Cervantes, 138 F.3d 1319, 1323 (10th Cir. 1998) ("The tip [from an anonymous tipster], when combined with other factors, justified the officers in a brief investigative detention to investigate the allegations of drug activity."). In addition to information from other law enforcement officers, the Tulsa officers observed behavior by the two Hispanic males that they reasonably considered suspicious. The men walked through the airport at some distance from each other and without speaking. They then met outside the terminal and left in the same cab. The cab's meandering route was also suspicious. Most important, when the cab stopped at its apparent destination, the cab driver turned on the cab's hazard lights and appeared to lie down in the front seat of the cab. At the suppression hearing, the arresting officer specifically testified at that point he feared for the

-5-

safety of the cab driver.

Defendant contends each of the articulated facts that purportedly give rise to reasonable suspicion is innocuous and entirely consistent with innocent travel. Whether a particular fact indicates criminal activity, however, is not a proper benchmark of whether that fact may, along with other facts, support a finding of reasonable suspicion. Indeed, a fact that is supportive of reasonable suspicion does not have to be at all indicative of criminal activity. See Sokolow, 490 U.S. at 10 ("the relevant inquiry is not whether particular conduct is 'innocent' or 'guilty,' but the degree of suspicion that attaches to particular types of noncriminal acts"). As the Supreme Court noted in Sokolow, "[a]ny one of these factors is not by itself proof of any illegal conduct and is quite consistent with innocent travel. But we think taken together they amount to reasonable suspicion." 490 U.S. at 9; see United States v. Lopez-Martinez, 25 F.3d 1481, 1484 (10th Cir. 1994) ("Our task . . . is not to pigeonhole each purported fact as either consistent with innocent travel or manifestly suspicious.").

It was also within the officers' authority to conduct a brief pat down of defendant, who appeared to reach for his bag when he was confronted by the officers. "In the course of a valid investigative detention, an officer may conduct a limited protective search ('frisk') if the officer harbors an articulable and reasonable suspicion that the person is armed and dangerous." United States v.

-6-

Davis, 94 F.3d 1465, 1468 (10th Cir. 1996);    see United States v. Duncan, 131 F.3d 894, 898 (10th Cir. 1997).  Where, as here, an individual makes a move that reasonably may be perceived as threatening, officers are justified in conducting a pat down.  Cf. Davis, 94 F.3d at 1470 (no evidence that defendant "made any threatening move towards the officers").

Finally, it is irrelevant that narcotics, rather than weapons, were discovered during the search.  Police officers conducting a protective pat down during an investigative detention may seize nonthreatening contraband.    See Minnesota v. Dickerson, 508 U.S. 366, 373 (1993);    United States v. Lang, 81 F.3d 955, 967 (10th Cir. 1996).

**Motion to Supplement Record**

Defendant also contends the district court abused its discretion in denying his "Motion to Supplement Record on Defendant's Motion to Suppress," which was filed after the court ruled on the motion to suppress but before a notice of appeal was filed from the denial of the motion to suppress.  At the trial of the other Hispanic male, the cab driver offered testimony that differed in some respects from testimony given by the officers at defendant's suppression hearing.  Defendant, who did not call the cab driver as a witness at his suppression hearing, sought to supplement the record with the cab driver's testimony from the other trial.  Defendant did not seek to reopen the suppression hearing before the district

court, but rather renewed his motion to suppress and also asked the district court to supplement the record after it had ruled on defendant's initial motion to suppress.

As the district court noted, defendant did not seek testimony from the cab driver at the suppression hearing, despite the apparent availability of the cab driver. Thus, the testimony is not newly discovered evidence of the type that would warrant either reopening the suppression hearing or allowing supplementation of the record. See Anthony v. United States, 667 F.2d 870, 875 (10th Cir. 1981). Moreover, in denying defendant's motion, the court stated the cab driver's testimony would not have altered its decision to rely on the testimony of the officers. Given these circumstances, the district court did not abuse its discretion in denying the motion to supplement the record.

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge